RALPH W. STORRS, ADMINISTRATOR, *vs.* JAMES G. ROBINSON, EXECUTOR.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

After the death of *A*, her husband, before his appointment as administrator on her estate, exchanged certain western mortgage bonds owned by her, known as Krom bonds, for others known as Durley bonds. The Durley bonds were inventoried by him as a part of her estate, were retained by him during his life as statutory trustee, and at his death were delivered to her administrator, who retained and made no effort to return them. In an action for the conversion of the Krom bonds, brought by the wife's administrator against her husband's executor, it was *held* that the court was justified in assuming that the plaintiff had received the Durley bonds as a reparation, *pro tanto,* for the conversion of the Krom bonds ; and therefore properly charged the jury that any benefit which the wife's estate had received from the Durley bonds should be deducted from the value of the Krom bonds at the time of the conversion, in determining the damages.

In his charge the judge stated that in his opinion both issues of bonds were fraudulent schemes to swindle eastern investors, but that if so, the parties to the suit had nothing to do with it. *Held* that the remark did not appear to have been prejudicial to the plaintiff, and furnished no ground for a new trial.

The court excluded a question asked by the plaintiff—what *A* paid for the Krom bonds—because it had not appeared when she bought them. It afterwards appeared that she bought them nearly two years before the conversion, and the question was not renewed. *Held* that the plaintiff had no just ground of complaint.

Where no actual damage is found by the jury to have resulted from a technical conversion of property, the plaintiff is not injuriously affected by a charge, even if erroneous, limiting his right of recovery to one of two defendants.

A witness having testified on direct examination as to the value of certain real estate, was asked on cross-examination if he knew at what amount the property had been assessed for taxes. *Held* inadmissible, either to show the value of the property or the witness' knowledge of the premises.

Argued January 7th—decided January 29th, 1902.

ACTION to recover damages for the conversion of certain mortgage bonds, brought to the Superior Court in Windham

County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $1 damages, and appeal by him for alleged errors in the rulings and charge of the court. *No error.*

The plaintiff is the administrator *de bonis non* of the estate of Laodicea Robinson, who died March 8th, 1891, owning eight $500 bonds of the alleged value of $4,000, being part of an issue of $16,000, face value, of bonds called the Krom bonds, secured by mortgage on 1,625 acres of land in Missouri, claimed by plaintiff to have been of the value of about $12,000. A short time before her death Mrs. Robinson authorized Henry F. Royce, through whose agency she had purchased these eight bonds some two years before her death, to exchange them for a like amount of bonds called the Durley bonds, consisting of bonds of $100,000, face value, issued by the Durley Investment Company and secured by mortgage of the same land mortgaged as aforesaid to secure the Krom bonds, and of an adjoining tract of 940 acres, of the claimed value of $5,000, making the total value of the land mortgaged to secure the $100,000 Durley bonds, as claimed by plaintiff, $17,000.

On March 14th, 1891, Israel G. Robinson, the husband of said Laodicea Robinson (they having been married in 1867), upon being informed by Royce of the agreement with Mrs. Robinson for such exchange of the bonds, delivered to Royce the Krom bonds and received from him in exchange Durley bonds of the face value of $4,000.

On May 3d, 1891, said Israel G. Robinson was appointed administrator on the estate of his wife, and inventoried said Durley bonds as a part of her estate. As statutory trustee he received the interest on the bonds until his death in October, 1893. Neither principal nor interest has since been paid. In November, 1893, his executor, the defendant, delivered said Durley bonds to the plaintiff as a part of the estate of Mrs. Robinson, and the plaintiff has ever since retained the same as assets of said estate.

Prior to May 26th, 1894, the plaintiff presented to the defendant a claim for $4,000, for cash and bonds in the hands

of Israel G. Robinson at his decease, belonging to the estate of Laodicea Robinson, which the defendant refused to pay. Plaintiff offered evidence to prove that the value of the Krom bonds at the time of the conversion was $3,000, and that of the Durley bonds $680.

The defendant introduced evidence to prove that Royce canceled the Krom bonds upon receiving them from Robinson as aforesaid, and that at that time they were worth only $408.25, and that the Durley bonds were worth, when delivered to said Israel G. Robinson, $480.

The plaintiff applied to the Superior Court to have Royce cited in as a codefendant, alleging as a reason therefor that upon a former trial of the case he had given certain testimony set forth in the application. The court granted the application, and ordered the plaintiff to amend his writ and complaint, making said Royce a codefendant. Royce appeared by counsel and filed an answer consisting of a denial of the allegations of the complaint, of the statute of limitations, and of a defense setting up the facts regarding the exchange of bonds as above set forth. These special defenses were denied by the plaintiff's reply. No amendment of the complaint was made by plaintiff as ordered by the court.

The court charged the jury that under the pleadings no verdict could be rendered against Royce; that it was conceded by the defendant executor that there was a conversion of the Krom bonds by the act of Robinson in delivering them to Royce in exchange for the Durley bonds; that the plaintiff was entitled to a verdict for at least nominal damages; and that if the jury should find that at the time of the conversion the value of the Krom bonds exceeded that of the Durley bonds, the verdict should be for the plaintiff for the difference, with interest from the date of the death of Israel G. Robinson. In speaking of the value of the land mortgaged to secure the Krom and the Durley bonds, the court, in charging the jury, said: "You probably will agree with me that each of those issues of bonds were in pursuance of a fraudulent scheme to swindle eastern investors, but this is nothing

with which the plaintiff administrator or the defendant executor had anything to do."

The plaintiff inquired of Henry F. Royce, as a witness, what Mrs. Robinson paid for the Krom bonds which she purchased of him. The court, upon defendant's objection, excluded the inquiry, saying that it did not yet appear when the transaction took place.

One A. J. Crabb having testified as to the value of the property mortgaged to secure the bonds in question, counsel for plaintiff asked the witness on cross-examination if he knew what the property was assessed at in 1891. This question was excluded upon defendant's objection.

*John L. Hunter* and *Huber Clark*, for the appellant (plaintiff).

*Charles E. Searls* and *William A. King*, with whom was *George E. Hinman*, for the appellee (defendant).

HALL, J. The complaint alleges that Laodicea Robinson, the plaintiff's intestate, died on the 8th day of March, 1891, possessed of certain mortgage bonds of the value of $4,000, which had been negotiated to her by one Henry F. Royce, and that after her decease and before the appointment of an administrator upon her estate, her surviving husband, Israel G. Robinson, the defendant's testator, converted said bonds to his own use and has never repaid the same.

Upon the trial the defendant conceded that his testator, by exchanging the Krom bonds for the Durley bonds on the 14th of March, 1891, and before his appointment as administrator, had been guilty of a technical conversion of the first-named bonds, but claimed that since the estate of Laodicea Robinson had accepted and retained the Durley bonds, the plaintiff was entitled to recover only a nominal sum if the value of the Durley bonds at the time of the conversion should be found to equal or exceed that of the Krom bonds; and that if it should not be so found, then only the difference between the values of the two lots of bonds, with interest.

It was proper for the court to instruct the jury that the ordinary rule of damages in an action of this character was the value of the property at the time of the conversion, with interest, but that the value of any benefit which the estate of Mrs. Robinson had received from the property or its avails after such conversion, should be applied in reduction of the damages so fixed by the general rule. *Seymour* v. *Ives*, 46 Conn. 109, 113. The complaint of the plaintiff seems to be that the court, in its charge upon the question of damages, erred in assuming that the plaintiff or his predecessor had received the Durley bonds as a reparation *pro tanto* for the conversion of the Krom bonds, and in not submitting it to the jury as a question of fact whether the Durley bonds had been accepted to the extent of their value in place of the converted bonds.

The record discloses no ground for such claim. The language of the finding is that " the controversy on the facts was confined to the value of the Krom and Durley bonds. The plaintiff claimed that the Krom bonds were greater in value than the Durley bonds, while the defendant claimed that the Durley bonds were equal to and in excess of the value of the Krom bonds." The facts regarding the retention by the plaintiff of the Durley bonds seem to have been undisputed. These bonds were inventoried as a part of Mrs. Robinson's estate in May, 1891, and after the appointment of the plaintiff as administrator in 1893 were delivered to him by the defendant as a part of said estate, and as such they have ever since been retained by the plaintiff. In the absence of any evidence explaining such retention of the Durley bonds, and especially after the plaintiff had full knowledge of the fact that they had been substituted for the Krom bonds, the court was justified in assuming that the plaintiff had accepted them, to the extent of their value, for the converted bonds. Neither the presentation of the claim prior to May, 1894, nor the commencement of this action in September, 1894, so long as the plaintiff retained the Durley bonds and made no offer to surrender them, constituted a refusal to accept them for what they were worth. Under the charge of the court the jury must have found that the Durley bonds were at least as valu-

able as the Krom bonds at the time of the exchange. It therefore does not appear that the estate of Mrs. Robinson has sustained any substantial injury by the acceptance of the Durley bonds.

The plaintiff suffered no substantial injury by the charge of the court that under the pleadings no verdict could be rendered against Royce. If because Royce filed his answer without requiring the complaint to be amended as ordered by the court, the pleadings are to be read, as claimed by the plaintiff, as charging Israel G. Robinson and Royce with having jointly converted the Krom bonds, a verdict for no more than nominal damages could have been rendered against Royce, upon the fact found by the jury that the estate had suffered no damage by the conversion. No evidence against either of the defendants, affecting the subject of damages, which was the only question of fact in controversy, was withdrawn from the jury by such charge.

We are unable to see how the expression by the trial judge of his opinion, that both these issues of bonds were fraudulent schemes to swindle eastern investors, could have prejudiced the plaintiff's case.

The plaintiff has no reason to complain of the ruling of the court excluding the question asked Royce, until the date of the sale inquired about should be shown. Apparently the plaintiff did not care to renew the question when it appeared that the purchase was made nearly two years prior to the date at which the value of the bonds was in question. *Jacksonville, T. & K. W. Ry. Co.* v. *Prior*, 34 Fla. 272.

The question asked of the witness Crabb was properly excluded. *Martin* v. *New York & N. E. R. Co.*, 62 Conn. 331, 343. The purpose for which it is now claimed, as showing the witness' knowledge of the premises, does not seem to have been stated in the trial court. But had it been expressly asked for that purpose, it would not have been error to exclude it, since the answer would not have tended to show the witness' knowledge of the premises.

There is no error.

In this opinion the other judges concurred.