### Elizabeth F. Mills *vs.* Leo Davis and Louis S. Beers.

Third Judicial District, New Haven, June Term, 1917.

Prentice, C. J., Roraback, Wheeler, Beach, and Shumway, Js.

A finding in a case tried to the jury should state what the respective parties offered evidence to prove and claimed to have proved, and also such facts, if any, as were admitted by either party upon the trial.

If such finding is incorrect either in its statements or because of its omissions, and the trial judge upon request refuses to make the desired change, the proper procedure is an application to this court to rectify the appeal, supported by depositions, as prescribed by § 801 of the General Statutes.

If the facts alleged to have been admitted or undisputed were not such in reality, it is sufficient, and all that the appellant can properly ask, if the finding states that he offered evidence to prove and claimed to have proved them.

The plaintiff had settled a foreclosure suit brought against her, with funds furnished by the defendants, who were her attorneys, in return for which she had conveyed to them certain real estate, and

she now sued them for fraud in inducing her to make the arrangement, alleging that it was in their own financial interest and in violation of their duty to her. The defendants denied the fraud, and averred that the settlement was voluntarily and intelligently made by the plaintiff with full knowledge of all the facts; and the jury returned a verdict in their favor. Upon the cross-examination of one of the defendants he was asked if he did not know that the plaintiff had a valid defense to the foreclosure suit. *Held* that this inquiry was immaterial unless the fact sought to be elicited formed a part of the defendants' plan to cheat and defraud the plaintiff; and that under the pleadings it was not relevant for that purpose.

Upon her direct-examination the plaintiff was asked what expenditures she had made in the prosecution of this case, and upon objection the question was excluded. *Held* that unless offered to prove exemplary damages, the ruling was correct; and that if otherwise, it was harmless, as the verdict was for the defendants and the jury were not called upon to consider the question of damages.

A finding in a former action as to the value of certain real estate, is not admissible as evidence of its value in a subsequent suit between different parties.

A party who fails to call the attention of the court at the time to alleged misbehavior of a juror, thereby waives his right to object to such conduct.

Argued June 13th—decided August 2d, 1917.

ACTION to recover damages for alleged fraud in obtaining real estate owned by the plaintiff, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Booth, Acting-Judge;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*Joseph A. Gray,* for the appellant (plaintiff).

*Carl Foster,* for the appellees (defendants).

SHUMWAY, J. The defendants are lawyers. Beers was first engaged by the plaintiff to represent her in an action brought to recover the sum due on a note given by the plaintiff to one Hoyt. The note was secured by a mortgage upon a piece of real estate called

Sound View Terrace. The note and mortgage were held by one Hubbell, he taking title to same by assignment. Later Hubbell brought an action to foreclose the mortgage, and the defendants appeared as counsel for Mrs. Mills, this plaintiff. The latter action was pending in the Court of Common Pleas in Fairfield County, and on March 7th, 1913, judgment was rendered in the foreclosure action, the court finding the sum of $1,609.42 due, including costs. On the day before the judgment was rendered a written stipulation was made between counsel for Hubbell and Mrs. Mills, that three appraisers should be appointed to appraise the property as required by statute preliminary to the rendition of a deficiency-judgment. Before the appraisal was had, the parties, through their counsel, made a settlement, whereby the sum of $772.80 was to be paid to Hubbell, and he was to release Mrs. Mills from all obligation on the note and mortgage. Mrs. Mills was not able to furnish the money to pay Hubbell. The defendants supplied the funds to make the payment, and thereupon Mrs. Mills conveyed to the defendants the Sound View Terrace property and a piece of land called the Aiken Street property. The defendants offered evidence that the value of Sound View Terrace was $2,000 and was subject to a mortgage for $1,400. The Aiken Street property was controlled by Mrs. Mills, though she did not hold the legal title, and she procured the necessary conveyance to vest the legal title in the defendants. The plaintiff's case is, in substance, that the defendants, by fraud and deceit, induced the plaintiff to make the settlement above mentioned, to their profit.

The particular acts as alleged, which the plaintiff claims constitute fraud, are substantially these: The plaintiff met the defendants on the 15th day of April, 1913, when the defendants insisted that the plaintiff

convey to Hubbell the Aiken Street lot. The plaintiff refused, but the defendants falsely represented that if she did not convey the land to Hubbell he would take a deficiency-judgment against her, and take that lot and her homestead also. In fact, Hubbell never intended to take a deficiency-judgment, and was content to take the Sound View Terrace in satisfaction of the mortgage.

The defendants denied these allegations, and alleged affirmatively that the plaintiff agreed to the settlement and conveyed the property to them, to pay them for the money advanced to pay Hubbell, as well as for their fees and disbursements in the action mentioned.

The case was tried to the jury, and the court instructed them that if they found the allegations of the plaintiff to be true, their verdict should be in her favor. The jury rendered a verdict for the defendants. On appeal the plaintiff assigns numerous errors relating to rulings on evidence, the charge of the court, the court's refusal to correct the finding, and the court's refusal to take the case away from the jury for misconduct of one of the jurymen.

The plaintiff made a motion to the trial judge, which was entitled "a motion to correct the finding." On the refusal of the trial judge to change the finding, the proper procedure was an application to this court to rectify the appeal, if the judge had not correctly stated the events of the trial. Section 801 of the General Statutes provides how an issue of fact may be raised as to the correctness of a statement in a finding of what occurred upon the trial, and a way for determining that issue. *Bernier* v. *Woodstock Agricultural Soc.*, 88 Conn. 558, 562, 92 Atl. 160. The draft-finding, accompanying the plaintiff's request for finding, began as follows: "The following are admissions and undisputed evidence made and produced upon

the trial." In the rules of practice of the Supreme Court of Errors are given forms for findings in cases tried by the jury and in cases tried by the court. In the former, the court is required to state the facts which the parties offered evidence to prove and claimed to have proved, and in the latter the facts proved by the evidence. In making up the record the services of the trial judge will be clerical rather than judicial. "His object will be to state for the record such facts and events as may have led up to the judgment and as are necessary to show whether the appellant is right or wrong in claiming that the law has been transgressed to his injury" during the trial of the cause. He acts as an historian. *State* v. *Hunter*, 73 Conn. 435, 444, 47 Atl. 665. In causes tried to the jury, if the trial judge on an appeal fails to insert in the record a statement of the facts either party offered evidence to prove and claimed to have proved, or if he includes in the finding a fact as claimed to have been proved, when there was no evidence offered to prove it, the proper procedure is an application to this court to rectify the appeal, by inserting the statement in the one case, or by striking it out in the other. *McCusker* v. *Spier*, 72 Conn. 628, 630, 45 Atl. 1011.

If the plaintiff desired to have any fact admitted by the defendants appear as such, upon the record, and the trial judge had omitted it, he should have made a motion to insert it, and upon the refusal of the judge to grant the motion, § 801 points out the manner by which the desired change might be accomplished in this court. Some of the statements of fact in the plaintiff's draft-finding were not admitted facts, nor were they proved by uncontradicted evidence. The trial judge had stated in the finding that the plaintiff offered evidence to prove them, which is all the plaintiff can properly claim, unless they were facts admitted

by the defendants. The plaintiff is not entitled to a rectification of the appeal in this court.

The rulings of the court upon the evidence, so far as appears upon the record, were not erroneous so as to justify a reversal or setting aside of the judgment. The fact to be proved in the plaintiff's case, whereby to test the relevancy of the evidence, was the fraud and deceit, or, as it is called, the *quo animo*, of the defendants, whereby the plaintiff suffered injury. It appeared in evidence, not uncontradicted, to be sure, that the settlement made with Hubbell was a fair and reasonable one, consented to and approved by the plaintiff. Plaintiff's counsel, in the cross-examination of Davis, asked him if he did not know that Mrs. Mills had a valid defense to the foreclosure suit brought by Hubbell. The purpose of the question does not appear. It may have been intended to elicit from Davis an admission that by making a defense to Hubbell's action it could have been defeated. This was immaterial, unless it was in fact a part of a plan to cheat and defraud; but under the pleadings in the case it was irrelevant for that purpose.

The ruling of the court in excluding the questions put to Mrs. Mills was not injurious to her case. She was asked what expenditures she had made in the prosecution of this case. Upon objection by the defendants, counsel stated the purpose was to prove damage. It does not appear that the plaintiff was attempting to prove exemplary damages, or that the ruling of the court was that the evidence was not admissible for that purpose, but it is left to conjecture that such was its purpose, as the plaintiff cites on the brief *Noyes* v. *Ward*, 19 Conn. 250. As the verdict of the jury was in favor of the defendants, it was not required to consider the question of damages.

The plaintiff offered in evidence the record of an

action brought by Hoyt, the person to whom the note and mortgage on Sound View Terrace were given. The action was brought by Hoyt against Hubbell and one Stuart, alleging the note had been wrongfully converted by them. Among other facts found in that action, was that the Sound View Terrace property was not worth more than $2,200, and the plaintiff claimed this finding of value, if not conclusive, was evidence of the value of Hubbell's claim. It is sufficient, to support the ruling of the court in excluding the record, that neither of these defendants were parties to that action, and, so far as appears, had no knowledge whatever of the pendency of the cause.

All the requests of the plaintiff to charge were covered by the charge, so far as they could be lawfully, and the real and decisive issues in the case were fairly stated to the jury and the controverted facts left for their determination.

The plaintiff also complains that the court erred in refusing to dismiss the jury from further consideration of the case after the conclusion of the argument, because during the argument of plaintiff's counsel one of the jurymen was offensive and insolent. The violation of propriety could not have been open and flagrant, to have passed unnoticed by the court. The behavior of the juror did not necessarily imply hostility to the plaintiff or her cause. The court could probably see that no harm could result to the plaintiff's case. The occurrences noticed by counsel earlier in the trial should have been called to the attention of the court at the time they were observed, otherwise a waiver of objection will be presumed.

There is no error.

In this opinion the other judges concurred.