AUGUSTUS I. MEAD ET AL., EXECUTORS (ESTATE OF
ANNA H. MEAD) *v.* TOWN OF GREENWICH.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 9—decided July 26, 1944.

*H. Allen Barton,* for the appellant (defendant).

*C. Driscoll Grimes,* for the appellees (plaintiffs).

ELLS, J. The plaintiffs alleged that the amounts of
the assessments made by the assessors of the town of

Greenwich on their lands and buildings on the list of June 1, 1943, were manifestly excessive and could not have been arrived at except by disregarding the provisions of the statute for determining the valuation of the property. The defendant town denied that this was so, but the court found the issues for the plaintiffs, and made reductions in the assessments amounting to about 33 per cent on one parcel and 25 per cent on the other. The defendant has appealed.

The applicable portion of General Statutes, Supplement 1941, § 165f, under which the action was brought, reads as follows: "Sec. 165f. Remedy when property wrongfully assessed. When it shall be claimed that . . . a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the court of common pleas of the county in which such town or city is situated. . . . In all such actions, the court of common pleas shall have power to grant such relief upon such terms and in such manner and form as shall to justice and equity appertain. . . . If such assessment shall be reduced by said court, the applicant shall be reimbursed by the town or city for any over-payment of taxes in accordance with the judgment of said court."

The essence of the defendant's claims in the court below and in its assignments of error is that this is an appeal from an administrative board and that the function of the trial court is only to determine whether the board acted illegally, unreasonably, arbitrarily or in abuse of its discretion, that the evidence shows that

its action was based upon substantial evidence and taken according to the methods designated by the law, and that the valuation it placed on the property cannot be disturbed by the court upon appeal. There is nothing in the language of the statute to support such a contention. That this is not an action in the nature of an appeal is recognized in *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 391, 126 Atl. 1, and in *State ex rel. Waterbury Corrugated Container Co.* v. *Kilduff,* 128 Conn. 647, 649, 25 Atl. (2d) 62. We discussed the nature and purpose of the statute in the recent case of *Cohn* v. *Hartford,* 130 Conn. 699, 702, 37 Atl. (2d) 237. Section 375c of the Cumulative Supplement of 1935 was there involved, but the 1941 act contains no amendments material to this discussion. We pointed out that our statutes provide a method by which an owner of property may directly call in question the valuation placed by assessors upon his property by an appeal to the board of tax review, and from it to the courts; General Statutes, §§ 1193-1195; Cum. Sup., 1935, § 374c; that the statute now under consideration was not an alternative remedy but was designed to meet situations of a different character, giving a taxpayer a remedy where there was misfeasance or nonfeasance by the taxing authorities, or the assessment was arbitrary or so excessive or discriminatory as in itself to show a disregard of duty on their part; and that the statute briefly defines the circumstances under which relief could be given in equity in the absence of the statute. The proceeding is not an appeal, but it invokes an original jurisdiction vested in the Court of Common Pleas. The issue is not one as to a claimed overvaluation of the property such as would justify relief on an appeal from the board of tax review, but a plaintiff to recover under the statute must satisfy the trier that the far more

exacting test stated above has been met. Furthermore, the statute expressly provides that the court "shall have power to grant such relief upon such terms . . . as shall to justice and equity appertain."

The court had power to reduce the assessments and adjudge that the tax should be based thereon, provided it first found that they were manifestly excessive and could not have been arrived at except by disregarding the provisions of the General Statutes as to valuation. There was substantial evidence upon which the court could and did find this fact, and we cannot disturb its conclusion. We do not find it necessary to discuss in detail the voluminous and conflicting evidence upon the basis of which the court arrived at its conclusions. We have reviewed the evidence and the methods followed by the court, and we are satisfied that there is no reversible error in its conclusions. We can make no change in the finding which would materially affect the result.

The defendant has argued in his brief two questions not raised in the court below or in the draft-finding, the claims of law or the assignments of error. A sufficient answer is that we are not bound to consider any errors on an appeal unless they are specifically assigned. Practice Book, § 363. We consider only briefly the form of the judgment. It not only found the value of the property as of the taxing date but adjudged that this should be the valuation for the purposes of taxation. It was not a judgment that a change in the grand list be made, but that any tax based on an assessment in excess of that found by the court to be the correct valuation was in effect illegal and not due. See *State ex rel. Waterbury Corrugated Container Co.* v. *Kilduff*, supra. The judgment might well have been more specific, but the amount of the

tax due is a simple mathematical computation, and it was not necessary to insert it in the judgment.

We find no material error in the rulings on evidence and discuss but one of them. An appraisal made in other proceedings was offered in evidence and was excluded. Where the value of property is in issue in an action in court, appraisals of it made in other proceedings are not admissible in evidence. The reason is stated in *Martin* v. *New York & N. E. R. Co.*, 62 Conn. 331, 343, 25 Atl. 239. The appraisal offered in the present case was filed in a proceeding where both the issues and the parties were wholly different. See also *Storrs* v. *Robinson*, 74 Conn. 443, 448, 51 Atl. 135; *Mills* v. *Davis*, 92 Conn. 154, 160, 101 Atl. 657.

There is no error.

In this opinion the other judges concurred.