[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss for want of subject matter jurisdiction due to the plaintiff's failure to exhaust her administrative remedies.
The plaintiff, Adeline Chorches, in a single count complaint, brought the present action challenging the defendant town's assessment of the value of her property. The defendant has moved to dismiss the action for lack of subject matter jurisdiction, arguing that the plaintiff's action is a tax appeal, and that she has failed to exhaust her administrative remedies.[1] The plaintiff timely filed an apposing memorandum of law.
In her complaint, the plaintiff alleges: (1) that she owned property in West Hartford; (2) that the town's assessment of that property was "grossly excessive, disproportionate and unlawful"; and, (3) that the assessment was "manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of the CT Page 4928 property." She does not specify the statutory authority for this action.
A motion to dismiss challenges the court's jurisdiction over the subject matter of the case. Conn. Practice Book 143 (revision of 1978, updated to Oct. 1, 1990). A plaintiff's failure to exhaust administrative remedies is a ground for dismissing her action. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 557 (1987). Where, as here, a motion to dismiss does not seek to introduce facts outside the record, the motion "admits all facts well pleaded, invokes the existing record and must be decided on that alone." Pellegrino v. O'Neill, 193 Conn. 670, 672 n. 4 (1984). In deciding the motion, the court construes the complaint most favorably toward the plaintiff. American Laundry Machinery, Inc. v. State,190 Conn. 212, 217 (1983).
Before the court can determine whether it has jurisdiction to hear this matter, it is necessary to determine the statutory authority controlling this action. A brief survey of the relevant statutes follows.
Ordinarily, taxpayers aggrieved by a town's assessment must first appeal to the town's board of tax review. Conn. Gen. Stats. 12-111. Taxpayers further aggrieved by the decision of the board of tax review[2] may, within two months of that decision, appeal to the superior court. Conn. Gen. Stats.12-118 (rev'd to 1990). Conn. Gen. Stats. 12-119 provides taxpayers with a means of collaterally attacking an assessment by bringing a direct action in the superior court. The pendency of 12-119 application will not suspend action upon the tax against the applicant. Id. Relief under 12-119 is available only under two specific circumstances, namely, when "a tax has been laid on property not taxable in the town or city in whose tax list such property was set," and when "a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property." An action under 12-119 invokes the court's original, as opposed to its Appellate jurisdiction. Mead v. Greenwich,131 Conn. 273, 275 (1944). The action provided for in 12-119 is not an alternative to an appeal to the board of tax review under 12-111 and from it to the courts under 12-118
Northeast Datacom, Inc. v. Wallingford, 212 Conn. 639, 649
(1989).
In the first sentence of her complaint the plaintiff characterizes the present action as an appeal. Indeed, the complaint bears the hallmarks of a 12-118 appeal. The CT Page 4929 citation, for instance, contains a $250 recognizance to the defendant. Such recognizance is mandatory under 12-118, but only required under 12-119 if there is some question about the plaintiff's ability to pay costs in the event of a judgment against her. See Conn. Gen. Stats. 12-119; Conn. Practice Book 51 (revision of 1978, updated to Oct. 1, 1990). The recognizance, moreover, is phrased in the language of 12-118, not the Practice Book.[3] There is no suggestion in the pleadings, however, that the plaintiff has appealed to the board of tax review prior to bringing the present action in this court; the defendant filed an affidavit from a town official asserting that the plaintiff did not file such an appeal. Under the express terms of 12-118, the appellant must first seek relief in the board of tax review before bringing an appeal to this court.
The plaintiff's recognizance echos the peculiar language of 12-118: "the Applicant shall process her application to effect and comply with and conform to the orders and decrees of the premises. "
The plaintiff cannot bring an appeal under 12-118
because she has failed to satisfy the procedural prerequisites to such an action. Conn. Gen. Stats. 12-118.
The plaintiff argues, however, that the present action is not an ordinary tax appeal, but a separate action brought under Conn. Gen. Stats. 12-119. It is true that Count III of the complaint, utilizing the language of 12-119 alleges that the tax laid on the plaintiff's property "was computed on [an] assessment which was manifestly excessive and could not have been arrived at except by disregarding the statutes for determining the valuation of such property." The assertion that this is a 12-119 action, however, flies in the face of the plaintiff's characterization of this action, in the first sentence of the complaint, as an appeal. See Mead v. Greenwich, 131 Conn. at 275; Northeast Datacom,212 Conn. at 649. Although it is not automatically fatal to a complaint that the plaintiff has failed to specify the statutory authority for her cause of action; see Rowe v. Godou, 12 Conn. App. 538,542 (1987); where, as here, the statutory authority for the action cannot clearly be inferred from the pleading, this flaw takes on greater significance. See Id. The language from 12-119 inserted in the complaint appears to be an attempt by the plaintiff to bring this appeal without having exhausted her administrative remedies.
Accordingly, the defendant's motion to dismiss this case is granted. CT Page 4930
M. HENNESSEY, J.