[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: MOTION TO DISMISS
The thirty-two (32) named plaintiffs, the owners of twenty-one (21) separate properties in the City of Milford, have brought a class action on behalf of all those similarly situated who owned water front property in the City of Milford on the Grand List of October 1, 1991. Their action is brought pursuant to 12-119 of the General Statutes. They claim that they are bearing a disproportionate share of the tax burden in that other taxpayers are being assessed for less than 70 percent (70%) of the fair market value of their properties. By virtue of that they claim that their tax bills were illegal and could not have been arrived at except by disregarding the statute for determining valuation of property.
These same plaintiffs have each separately as to their twenty-one properties taken appeals to the Superior Court for the doings of the Board of Tax Review of the City of Milford pursuant to 12-118
of the General Statutes which appeals were filed two months CT Page 287 before the instant case. Each of the appeals makes the claim that the plaintiff's property was not assessed at its true and actual fair market value, but was "grossly excessive, disproportionate and unlawful." These appeals also arise out of the 1991 grand list.
The defendant has moved to dismiss the present action upon the prior pending action doctrine set forth in Halpern v. Board of Education, 196 Conn. 647, 652 (1985). This rule of justice applies where "two suits are virtually alike and in the same jurisdiction." Solomon v. Aberman, 196 Conn. 359 (1985). The plaintiffs claim that this suit is not alike, that it is a class action, it involves a different statute and the remedies sought are dissimilar. A resolution of this motion requires a careful analysis of 12-118
and 12-119 of the General Statutes. Innumerable cases in the past have dismissed the differences and most recently in the case of Wilson v. Kelley, 224 Conn. 110 at 117 (1992), our Supreme Court again recognized those differences. Sections 12-111 and 12-118
provide a method by which an owner of property may directly call in question the valuation placed on his property by assessors by appeal to the board of relief and from it to the courts. The ultimate issue in these kinds of cases in the ascertainment of the true and actual valuation of the subject property. O'Brien v. Board of Tax Review, 169 Conn. 129 (1975). The exclusive remedy for a claim of overassessment and the relief of a lowered assessment and reimbursement, if required, is an appeal under 12-118. E. Ingraham v. Bristol, 146 Conn. 403 (1959).
The statute in question here, 12-119 allows a taxpayer to bring a claim that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of property. Section 12-119 requires an allegation that something other than valuation is at issue. "It is this element that distinguishes 12-119 from its more frequently involved companion12-118." Wilson v. Kelly, supra. In a 12-119 case, the plaintiff must show "there was misfeasance or nonfeasance by the taxing authorities," or the assessment was arbitrary or so excessive or discriminating as in itself to show a disregard of duty on their part. Mead v. Greenwich, 131 Conn. 273, 275 (1944). The relief sought in a 12-119 action is not an alternative to a 12-118
action, nor is it directed to bring about a change in assessments, but its purpose is to afford relief against an illegal tax. Borough of Fenwick v. Town of Old Saybrook, 133 Conn. 22 (1946); Cohn v. Hartford, 130 Conn. 699 (1944). Only if the plaintiffs are able to meet this exacting test by establishing that the action by the CT Page 288 assessors would result in illegality can the plaintiff prevail in an action under 12-119. Wilson v. Kelley, supra.
Based on the clear differences in these two statutory sections, the clear distinction between the plaintiff's burden of proof under each, the differences in the prayer for relief in each case, the fact that injunctive relief and relief by declaratory judgment are cognizable under 12-119, Wilson v. Kelley, supra, and the fact that this case is intended to be a class action, all lead the court to conclude that this suit and the plaintiff's suits under 12-118 are not virtually alike and do not invoke the prior pending action doctrine of Halpern, supra.
The Motion to Dismiss is denied.
GORMLEY, J.