June Term, 1861.

FELLOWS
v.
TAIT.

---

## FELLOWS VS. TAIT.
## SAME VS. SHERRY.

A circuit judge will not be compelled by *mandamus* to settle and sign a bill of exceptions in a case which was tried before his predecessor in office.

Whether a circuit judge can be compelled, after his term of office expires, to settle and sign a bill of exceptions in a cause tried before him during his term, is not determined.

August 21.      *By the Court,* COLE, J. These are several applications on behalf of the appellants, *Tait* and *Sherry,* for an order directing the present judge of the tenth circuit to settle and sign bills of exceptions in the above causes. The actions were tried before the predecessor of the present judge. The practice in this state has been for the person before whom a cause was tried to settle the bill of exceptions, although he was no longer judge. And it seems to us that he is the only person who can settle the bill of exceptions, for the plain reason that he alone knows what took place on the trial. How can the present judge settle a bill of exceptions? He knows nothing about what testimony was given on the trial, or what exceptions were taken to the admission or exclusion of evidence, or what instructions were given to the jury upon which questions of law arise. He must necessarily be ignorant of all these matters; and yet we are asked for an order directing him to give a true history of them, and settle a bill of exceptions which shall become a part of the record

in the cause. This order we cannot grant. The counsel who made application for the order suggested that if the person who tried these causes should refuse to sign a bill of exceptions, he could not be compelled to do so, or perform any other judicial act, since he was no longer judge. And upon this point we were referred to the case of *The People vs. Pearson*, 3 Scammon, 270, where an intimation of that kind is thrown out by the judge who gave the leading opinion; but that question was not there decided. Whether it is a sound position that a judge cannot be coerced to do a judicial act after the expiration of his term of office, it is not now necessary to decide. See the case of *Galbrath vs. Green*, 13 S. & R., 85. But we cannot order the present judge to do what it is very clear he cannot do understandingly and correctly, namely, settle and sign bills of exceptions in the above cases.

The application for an order in each case must therefore be denied.