## JOHN GORE vs. BERNARD CARL AND WIFE.

The statute (Gen. Statutes, tit. 19, ch. 5, sec. 9,) provides that "actions may be maintained against a married woman upon any contract made by her since her marriage upon her personal credit, for the benefit of herself, her family, or her separate or joint estate." Held that her contract to convey her land does not come within this statute

Such a contract was executed by both husband and wife. Held not enforceable in equity against both jointly, nor against the husband alone

Payments made to the husband upon such a contract, without the consent of the wife, can not affect her rights.

BILL IN EQUITY for the specific performance of a contract of the respondents to convey certain real estate belonging to the wife; brought to the Court of Common Pleas of Fairfield County, and heard before *Hall, J.* Facts found and bill dismissed and motion in error by the petitioner. The case is sufficiently stated in the opinion.

*W. F. Taylor* and *H. W. Taylor*, for the plaintiff in error.

*S. Tweedy* and *H. B. Scott*, for the defendants in error.

PARDEE, J. In June, 1877, the respondents, Barney Carl and his wife Mary, made a written contract in which they agreed to convey to the petitioner by deed of warranty a piece of land which was of the wife's common law estate, when he should have paid one hundred dollars in four equal annual payments, with interest and taxes. They refusing to convey upon a tender of the whole sum he asked for a decree for specific performance. The Court of Common Pleas dismissed his petition, whereupon he filed a motion in error.

The statute (Gen. Statutes, p. 417, sec. 9,) provides that "actions may be sustained against a married woman upon any causes of action which accrued before her marriage, and upon any contract made by her since marriage upon her personal credit for the benefit of herself, her family, or her separate or joint estate."

It is not the purpose of this act to remove all defences standing about a married woman and leave her and her estate responsible for any and every contract which she can be persuaded to enter into; it compels her to pay for a specified class of benefits; for money or other property actually obtained upon her personal credit for the use of herself or her family or for the benefit of her sole or joint estate. The petitioner fails to bring himself within its provisions. He has not delivered money or other property to the wife upon her personal credit which she has expended or consumed; he has not exposed himself to loss by reason of having trusted any portion of his estate to her; he is not seeking to regain

any thing which he before possessed; he is merely offering to pay money for at least its full equivalent; he has obtained a contract from her to convey land to himself; he brings money into court and demands land. There is no finding that the bargain is a provident one. It is not to be presumed to be such merely because it entitles her to receive a sum of money in exchange for land. Presumably it is a hard one, else the petitioner would not have assumed the burden of asking a court to compel her to perform it.

But, irrespective of that question, the statute does not subject a married woman to the specific performance of an agreement to exchange her estate for money. Such a contract is not for the benefit of her estate within its intendment, and she still retains her right to reconsider, to repent and to refuse to execute it. Persons entering into such contracts with her become possessed of no equities of which the statute will take notice, at best they obtain but the possibility of profiting by a hard bargain. The statute does not concern itself with ripening such possibilities into certainties.

After the execution of the contract the petitioner paid seven dollars to a mortgagee of the land, and three dollars to the husband. Of the first payment it is found that it was made without the consent or knowledge even of the wife; concerning the second there is no finding; therefore these fail to raise any equity in the petitioner's favor; they neither take away nor modify the right of the wife to reconsider and refuse to execute her agreement to exchange her land for money.

The petitioner is not entitled to a decree for specific performance of the agreement to convey the land against the respondents jointly nor against the husband separately. There is no error in the judgment of the court below, and there should be no new trial.

In this opinion the other judges concurred.