Johnson *v.* Higgins.

---

---

SAMUEL B. JOHNSON *vs.* WILLIAM E. HIGGINS.

The act of 1885 (Session Laws of 1885, ch. 7,) which authorizes a judge, after his term of office has expired, to make a finding of facts in an appealed case that had been heard and determined by him, is valid.

Whether he would not have had the power without that statute, under the act of 1882 (Session Laws of 1882, ch. 50,) which gives parties the right to appeal and makes such a finding necessary on the appeal :—*Quære.*

Where there are several counts embracing distinct and independent causes of action, it is the duty of the court, if requested by either of the parties, to direct the jury to bring in separate verdicts on the separate counts.

A general verdict will ordinarily suffice to ascertain and fix the particular rights in issue, and where it will is proper.

The loading of an appeal with irrelevant matter commented on.

[Argued June 10th—decided June 26th 1885.]

ACTION for damages for taking and carrying away the plaintiff's goods; brought to the Court of Common Pleas,

and tried to the jury before *Torrance, J.* Verdict for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*H. G. Newton* and *J. H. Whiting*, for the appellant.

*C. S. Hamilton*, for the appellee.

STODDARD, J. A plea in abatement is filed in this court. The finding and statement of rulings in the court below was not signed by the judge until the 10th day of April, 1885, and the judge had previously and on the 7th day of March, 1885, resigned his office. It is now contended that the act of signing the finding and statement upon appeal was a judicial act, and must have been done by the judge while in office. Upon the 31st day of March, 1885, a statute law took effect, which fully empowered the judge to make and sign the finding and statement after ceasing to hold office. This is admitted; but it is said that the act in question is beyond the power of the legislature, and is unconstitutional. Even if it be admitted that the act of the judge in signing the finding on appeal is a judicial act in the sense claimed by the plaintiff, and that the act was done after he had ceased to be such judge, no authority has been brought to our attention denying the legislature the power implied in the law in question. Similar legislation, and of more embracing scope, has for many years been operative, unchallenged, in reference to the judicial power of justices of the peace. No substantial reason is given why the legislative power is incompetent to authorize judicial officers, after their term of office, to complete the history of trials had, and to give permanent and official form to facts found during their term of office. Such acts are rather clerical than judicial.

But the constitutional term of office of the judge who tried this case below extended to June 30th, 1885, so that the questioned act of the judge was done during his lawful term of office, and the legislature certainly may empower the judge to perform the acts complained of until the expiration

of his term of office, notwithstanding the fact that the judge has sent his resignation to the governor of the state.

The signing of the finding and statement in this case is so far from being an illegal act that it may admit of serious question whether, even without the enabling legislation passed in 1885, the judge would not only have the power, but the duty might be imposed upon him by the law as it now stands, to complete the finding and statement upon appeal without reference to his term of office.

By the statute of 1882 regulating appeals (Session Laws of 1882, chapter 50,) when a notice of appeal is properly made, the law imperatively commands the judge, under certain circumstances (and the case in question presents such circumstances), to make such finding as may be necessary to properly present the case for revision upon appeal, and the appeal need not be filed until after such finding or statement is made by the judge and filed with the clerk; and execution is to be stayed " until the expiration of the time hereinbefore fixed for filing the appeal." Under this law a party has an absolute, unqualified right to take an appeal upon complying with the terms of the statute, irrespective of any act on the part of the judge, and the appeal is perfected without his sanction. Formerly, and under the practice as it existed before the passage of this act, it was otherwise, and no case could, by motion for a new trial, be taken to the Supreme Court without the presiding judge's allowance of the motion. Under this former practice it was ruled that, with no statute permitting such act, the judge had no power to allow a motion for a new trial after his resignation had taken effect. *Griffing* v. *Town of Danbury*, 41 Conn., 96. In other words, the court ruled that the law had provided no way by which a party could go to the Supreme Court with a motion for a new trial except such motion was allowed by a judge while in office. The law now does not require such sanction by the judge to give the Supreme Court jurisdiction. The requisite statement of facts proved and of rulings made upon the trial in the court below is merely clerical, is absolutely imposed by the law as a duty upon the

judge trying the case, is demanded by the rights of litigants, and is essential to the due administration of justice. Unless required by principle or precedent courts would hesitate to rule that a person holding the office of judge can, by resigning his office, defeat the plain mandate of the law and the due administration of justice, and deny litigants appealing to the law their undoubted and material rights. At all events, and not to pursue this subject further, we are all of opinion that the statute of 1885, before referred to, fully warranted the act of the judge in sending the case to this court.

As to the merits of the cause. It appears that the defendant is a deputy sheriff, who, acting by authority of a lawful writ of attachment, and under directions of a resident attorney, who as such attorney was acting for non-resident parties, attached certain goods in a store as the property of one Otto Cytron. The plaintiff claimed title to the goods and right to possession of the store through a claimed sale by Cytron to him. The defendant denied the sale, attacked the good faith of the plaintiff and Cytron, and insisted that there had not been that open, visible, manifest, continued and exclusive change of possession necessary to protect the property from attachment by the creditors of Cytron.

In the original, amended, and supplemental complaints are three counts, each complaining of separate and distinct wrongs. The first and second counts are for acts alleged to have been done willfully, maliciously, and without color of right. The third count alleges simply wrongful acts. The first count is for taking possession of the goods, and thus breaking up the plaintiff's business; the second count is for taking possession of the store, and thereby destroying the business of the plaintiff; and the third count is for keeping possession of the store for an unlawful period. The plaintiff sought punitive damages for the acts claimed to have been done maliciously and unlawfully, damages for the illegal acts of the defendant as deputy sheriff in making the attachment, and, finally, damages for taking goods of the plaintiff in a lawful manner for the debt of another.

It is manifest under these circumstances and claims that it was important for the defendant to know whether any possible verdict to be rendered against him was because he had acted in an illegal manner in making a lawful attachment, or whether the verdict was based upon acts done with personal malice and unlawfully, or whether the verdict was given against him simply because he was attaching under orders of the attorney for the plaintiffs in the suit against Cytron the property of the plaintiff for the debt of Cytron. The defendant's right of indemnity might depend upon the ascertainment of the basis of the verdict, and so counsel for the defendant requested the court " to inquire of the jury upon what grounds their verdict was based, and which issues were found for the plaintiff, and the amount of damages upon each ;" also, to direct the jury to render their verdict upon the issues framed upon each count of the complaint. Upon the plaintiff's objection the court refused so to inquire or direct.

It is the practice, if the rights of the parties so demand, to direct the jury to find upon each separate issue, when separate and independent claims are to be determined by distinct issues ; and when separate and distinct matters of substantially different character and nature are litigated and to be determined by separate issues, it is the right of the parties to have the verdict follow and answer the issues ; especially so when other rights and obligations may depend upon the verdict. In *Newell* v. *Roberts*, 13 Conn., 73, the court say :—" We are not prepared to say that the verdict in this case, founded upon this charge, would not do entire justice to the parties in the cause. But in its consequences it may injuriously affect their rights, as the facts found may be made use of beyond the present suit. The parties had chosen to go to issue upon distinct pleas alleging distinct facts, although mostly tending to one point. Under these circumstances they had a right to an expression of opinion from the triers upon each of these distinct points." Judge LOOMIS, in giving the opinion in the recent case of *Morris* v. *Bridgeport Hydraulic Co.*, 47 Conn., 291, states the rule as follows :

"When there are several counts for distinct and independent causes of action, or when there is no evidence at all applicable to some of the counts, it would doubtless be the duty of the court to comply with such a request." And the practice obtains generally in this state rather to direct the jury to return verdicts upon each of several distinct counts embracing independent matters, than to obtain the required information by inquiry of the jury, or by framing special verdicts, although both of the two latter modes have been resorted to.

It is not intended to hold that in all cases where claims are stated separately the verdict must specify the particular count or counts upon which it is found. A general verdict will frequently, and perhaps ordinarily, ascertain and fix the rights and obligations of litigants, and when this is manifest general verdicts are proper. The rule above stated has always obtained in this state, and, since the enactment of our recent practice act, and the adoption of the method of pleading thereby provided, it is more important, and in consonance with the spirit of that act, that this rule should be complied with in all cases where the rights of the parties demand it. There is error in this particular.

A new trial must be advised also for error in the charge to the jury in at least two particulars. In the first place, the evidence in the case and the claims of the parties called for a full and explicit statement to the jury of the law in relation to the necessity of an open, visible, and apparent change of possession. This was not sufficiently given. Nor do we think the charge in relation to the damages can be justified. There are some rulings upon evidence which are questionable, but mostly of an extremely technical character. It is hardly possible that the questions made in the trial below will be again made upon the new trial. The trial seems to have proceeded in quite an extraordinary manner, for in the defendant's original appeal he alleges thirty-eight reasons of appeal, and then supplements his original list with a line of sixteen more reasons, most of them tech-

nical, some frivolous, and some well taken. The case in it-self is simple, mainly of fact, involving a small amount, and yet, owing to the method of trial, the finding on appeal fills ten and a half pages of printed matter, exclusive of a copy of the charge to the jury. The case is loaded with state-ments that might well have been omitted, and evidently both the trial court and this court have been compelled to deal with a mass of practically irrelevant matter before be-ing permitted to determine the rights of the parties. There is no new principle of law involved in the questions raised, except in reference to the form of the verdict, which has been disposed of, and as they all consist in contests whether a perfectly well settled rule of law was or was not properly applied to the facts, evidence, and claims of the parties, they do not require comment.

A new trial is ordered.

In this opinion the other judges concurred.