# THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

## v.

## JOHN P. ALTGELD.

*Mandamus—Jurisdiction—Bill of Exceptions.*

1.    In this State the judicial powers of government are vested in courts, and persons not members thereof can not exercise judicial functions.

2.    As an individual, a judge has no power to make judgments or judicial records; these things he can only do when he is acting as a court.

3.    The settling of a bill of exceptions is a judicial act.

4.    This court can not command one who is no longer a judge to exercise judicial functions—to do a judicial act.

5.    The rule that bills of exception settled and signed by the judge who tried the cause, although after the expiration of his term of office, should be recognized as regular and valid, does not obtain in this State.

6.    This court has no power to settle a bill of exceptions, that is, make or

alter a portion of the record of a lower court as to a case tried therein; nor has it authority to set aside a judgment of an inferior court and grant a new trial unless reversible error is found in the record.

[Opinion filed December 11, 1891.]

Petition for writ of mandamus.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants.

Messrs. KRAUS, MAYER & STEIN, for appellee.

WATERMAN, P. J. This is an application to this court for a peremptory writ commanding respondent, who was one of the judges of the Superior Court of Cook County, to sign a certain bill of exceptions presented to him, or to settle and sign a true bill of exceptions in the case of Hanchett v. Bulkley, lately tried before him. The petition was filed July 20, 1891.

The respondent, in his answer, after denying that he had ever refused to sign and settle a true bill of exceptions in said cause, further answered that on the first day of August, 1891, by virtue of a resignation by him made to take effect on that day, he ceased to be and is no longer a judge of the said Superior Court.

The relator, in his replication, passed by the allegation that the respondent is no longer a judge of the Superior Court; and the respondent thereupon demurred to said replication. There are, in respect to courts and bills of exceptions, certain well settled rules, by which our action upon this application is to be determined; among these are, that in this State the judicial powers of government are vested in courts, and that persons not members of such courts can not exercise judicial functions: Hoagland v. Creed, 81 Ill. 50; Bishop v. Nelson, 83 Ill. 601; People v. Maynard, 14 Ill. 419; Hall v. Marks, 34 Ill. 359; that as an individual, a judge has no power to make judgments or judicial records; these things he can only do when he is acting as a court: Ling v. King & Co., 91 Ill. 571; that the settling of a bill of exceptions is a judicial

act: Emerson v. Clark, 2 Scam. 489; Culliner v. Nash, 76 Ill. 515; Hawes v. The People, 129 Ill. 125.

We are asked in this proceeding to command one who is no longer a judge to exercise judicial functions—to do a judicial act.

We are clearly of the opinion that such action upon our part would be entirely unwarranted. If one who has ceased to be a judge, may be compelled by the mandate of a Superior Court to act as a judge, it is difficult to see why he may not, of his own motion, without any mandate, so act.

In The People v. Pearsons, 3 Scam. 270, the court said, in substance, that a person who was no longer a judge could not be compelled to settle a bill of exceptions. In DeHaas v. Newago, 46 Mich. 12, the court declined to issue a mandamus to compel the settling of a bill of exceptions by one who had resigned since the filing of his answer to the rule to show cause. In Phelps v. Conant, 30 Vt. 277, it was held that the presiding judge of the County Court could not amend the bill of exceptions after his term of office had expired. In The State v. Barnes, 16 Neb. 37, it was held that under the statute of that State, the judge who tried a cause had authority to settle a bill of exceptions therein, after the expiration of his term of office. In Fellows v. Tait, 14 Wis. 156, and Hall v. Hazelton, 21 Wis. 321, it is said to be the practice in Wisconsin to recognize as regular and valid bills of exception settled and signed by the judge who tried the cause, although settled and signed after the expiration of his term of office. We are not aware that any such practice has ever existed in this State.

It is suggested that the court should either compel the respondent to settle and sign a bill of exceptions in the case of Hanchett v. Bulkley, to which this proceeding is ancillary, or itself settle the bill of exceptions, or grant a new trial in the Hanchett and Bulkley case.

This court has no power to settle a bill of exceptions, *i. e.*, make or alter a portion of the record of the Superior Court as to a case tried in that court; nor has it authority to set aside a judgment of an inferior court and grant a new trial, unless reversible error is found in the record.

The demurrer of the respondent is sustained and the petition dismissed.

*Petition dismissed.*