JAMES E. TODD, TRUSTEE, *vs.* WALTER H. BRADLEY
ET ALS.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and BROWN, Js.

General Statutes, § 5825, provides that if a trial judge, after the rendition of final judgment and notice of appeal, dies or becomes "incapable" of making a finding for the purpose of an appeal, the appellant may, upon certain prescribed conditions, obtain a new trial. · *Held* that the "incapacity" mentioned in this section referred only to a personal mental or physical inability, and not to the legal disqualification or prohibition contained in the constitutional provision respecting age.

Making a finding of facts for the purpose of an appeal to this court, is a clerical or ministerial, rather than a judicial act or function, and therefore, under General Statutes, § 5847, may be performed by a judge of the Superior Court after he has ceased to hold office owing to his having reached the age-limitation prescribed in our Constitution.

Argued June 7th—decided July 7th, 1922.

MOTION for new trial pursuant to General Statutes, § 5825, because of the alleged inability, through age, of the trial judge to make a finding of facts for appeal, brought to and tried by the Superior Court in New Haven County, *Banks, J.,* upon demurrer to the motion; the court sustained the demurrer *pro forma* and, upon the refusal of the plaintiff to plead further, rendered judgment for the defendants, from which the plaintiff appealed. *No error.*

*Frederick H. Wiggin,* with whom were *Robert C. Stoddard* and *William C. Mueller,* for the appellant (plaintiff).

*Benjamin Slade,* with whom was *Harry W. Asher,* for the appellees (defendants).

WHEELER, C. J. The original action was brought by a trustee in bankruptcy against the defendant Walter H. Bradley and certain members of his family, to recover property fraudulently conveyed and concealed from creditors. The cause was tried before the *Hon. Donald T. Warner*, a judge of the Superior Court, and final judgment was rendered by him on December 14th, 1920, for defendants. On December 24th, 1920, plaintiff made his motion in said court for a new trial, alleging that he duly filed his notice of appeal from such judgment, that *Judge Warner* became seventy years of age on December 15th, 1920, and was, thereafter, incapable of holding the office of judge of the Superior Court, or of performing any of the duties of that office, and by reason thereof was incapable of making a finding for the purpose of an appeal to the Supreme Court of Errors.

The defendants demurred to the motion, upon the ground that it appeared by its allegations that *Judge Warner* was alive and capable of making a finding, that the making of such finding was not a judicial act nor an act which *Judge Warner* was, by the Constitution of Connecticut, incapable of making by reason of the fact that his term of office had expired through his having reached the age of seventy years. The demurrer was sustained *pro forma*, and the plaintiff having refused to plead further, judgment was rendered for the defendants, and plaintiff appealed for error in sustaining the defendants' demurrer.

The motion for a new trial is primarily based upon the allegation that *Judge Warner*, having reached the age of seventy years, was, by Article XII of the Amendments to the Constitution of Connecticut, incapable of holding the office of judge of the Superior Court, or of performing any of the duties of that office, and hence incapable of making a finding for the pur-

pose of an appeal. Defendants' demurrer to the motion raises the question whether *Judge Warner* was incapable of making such finding. The court sustained the demurrer *pro forma,* and this ruling raises the single question which the plaintiff-appellant pursues in brief and oral argument.

The provision of our Constitution which appellant claims forbids *Judge Warner* to make a finding, reads as follows: "No judge of the Supreme Court of Errors or of the Superior Court shall be. capable of holding office after he shall arrive at the age of seventy years." As we construe General Statutes, § 5825, under which appellant brings his motion, we do not find the ground of his motion included within that statute; and as we construe the constitutional provision in question, we are unable to accord to it the meaning which appellant gives to it. Section 5825 provides that if the notice of appeal has been filed, and the judge who heard the cause shall die or become "incapable" of making a finding for the purpose of appeal, a motion for a new trial lies at the instance of the party against whom the judgment has been rendered. This statute was enacted in 1905 (Public Acts of 1905, Chap. 62), in consequence of the decision in *Etchells* v. *Wainwright,* 76 Conn. 534, 57 Atl. 121, that a new trial could not be allowed in a case where the judge had died without having made a finding, after notice of appeal and request for a finding, since our law did not provide for a new trial in such a case. The statute changed the law as announced in that case. *Lippitt* v. *Bidwell,* 87 Conn. 608, 89 Atl. 347.

Since 1885 we have had this statute, now General Statutes, § 5847: "Any judge of the Superior Court or of any Court of Common Pleas, District Court of Waterbury or City Court may, after ceasing to hold office as such judge, settle and dispose of all matters

relating to appeal cases, including findings on appeals and making up, certifying and correcting records in appealed cases, as well as any other unfinished matters pertaining to causes theretofore tried by him, in as full a manner as if he were still such judge." We construed this statute in *Johnson* v. *Higgins*, 53 Conn. 236, 1 Atl. 616. In that case a judge, after he had resigned, had made a finding for purposes of an appeal. We said: "Similar legislation, and of more embracing scope, has for many years been operative, unchallenged, in reference to the judicial power of justices of the peace. No substantial reason is given why the legislative power is incompetent to authorize judicial officers, after their term of office, to complete the history of trials had, and to give permanent and official form to facts found during their term of office. . . . At all events‐ and not to pursue this subject further, we are all of the opinion that the statute of 1885, before referred to, fully warranted the act of the judge in sending the case to this court." We held this Act constitutional. We are not now considering that question, although we ought not to pass it without stating that we do not see how the provision permitting the judge who had ceased to hold office to make up a finding for the purpose of an appeal, could be held to be unconstitutional. Similar statutes have given the judge the power to frame a bill of exceptions beyond his term of office, and these have been upheld. *State ex rel. Cressman* v. *Barnes*, 16 Neb. 37, 40, 19 N. W. 701; *Montana Ore Purchasing Co.* v. *Lindsay*, 25 Mont. 24, 63 Pac. 715. We are referring to this statute to ascertain the legislative intent in passing § 5825. When it passed this, it knew of the existence of § 5847, and that in virtue of this statute the making of a finding for the purpose of an appeal, by a judge who had ceased to hold office, had been upheld by this court. It is

thus clear that the legislature did not intend to include in its term "incapable," the judge who has ceased to hold office. Ceasing to hold office may be effected by resignation, by expiration of the term, and by ouster. If these methods of ceasing to hold office are not included within the meaning of "incapable," how can it be said that the legislature intended to include the case of the judge who had reached the age of seventy years and whose term of office had expired because of that fact? If the judge shall become "incapable " of making a finding, as used in § 5825, we construed in *Lippitt* v. *Bidwell,* 87 Conn. 608, 613, 89 Atl. 347, to mean if the judge shall become unable to make a finding through his inability or disability. "Incapable" is used in this statute, as we have held, in the sense of inability or disability. A statute which provided for certain action to be had upon the death or " disability" of the judge, would ordinarily be construed to refer to the physical or mental disability of the judge. Used in this connection, it would not, in the customary use of language, be construed to mean if the judge was incapable to act because of disqualification. "Disability" may mean the incapacity to act through disqualification but the context here shows that it was not used in this sense, but in its more usual sense of a mental or physical incapacity.

There is an additional, and as it seems to us, a conclusive reason requiring this construction. When General Statutes, § 5825, was enacted, we already had decided that the making of a finding was not a judicial act. "Such acts," we said, "are rather clerical than judicial." *Johnson* v. *Higgins,* 53 Conn. 236, 1 Atl. 616. Later, in *State* v. *Hunter,* 73 Conn. 435, 444, 47 Atl. 665, we developed this principle: "If the record of the proceedings in the court below is at the time so complete as to present sufficiently the questions of

law which the appellant desired to raise here, it only remains for the clerk to certify and transmit it. If it is not thus complete, it remains for the clerk or the trial judge, as the case may be, to supply whatever is necessary. Such services, on the part of the clerk, will be simply clerical. On the part of the judge they will also be clerical rather than judicial. *Johnson* v. *Higgins*, 53 Conn. 236, 237 [1 Atl. 616]. His object will be to state for record such facts and events as may have led up to the judgment and are necessary to show whether the appellant is right or wrong in claiming that the law has been transgressed to his injury during the progress of the cause. He acts as an historian." Again, in *Mills* v. *Davis*, 92 Conn. 154, 158, 101 Atl. 657, we approved of this doctrine, saying: "In making up the record [finding of facts] the services of the trial judge will be clerical rather than judicial"; and to this point we quoted *State* v. *Hunter*, *supra*. So that it must be taken to be an accepted principle in our law, that the making of a finding for the purposes of perfecting an appeal, by one whose term of office has ceased, is not a judicial act. Whether, as the appellant claims, some of the acts which the judge may be called upon to decide in the progress of an appeal are not judicial acts, is not the question before us; that question relates merely to the capacity of one who has ceased to be a judge to make up a finding.

Some jurisdictions follow this principle, and some deny it. Among the former are: *Hale* v. *Haselton*, 21 Wis. 325; *Fellows* v. *Tait*, 14 Wis. 156. Among the latter are: *People* v. *Altgeld*, 43 Ill. App. 460; *Hawes* v. *People ex rel. Pulver*, 129 Ill. 123, 125, 21 N. E. 777. We have examined the authorities upon this subject and are satisfied with the principle our court has adopted. Since the making of a finding is not a judicial act, there is no reason why one whose term of office

as a judge has expired may not make up the finding for the appeal. The existence of this power and practice made it wholly unnecessary to provide in such a case for a procedure by way of a new trial, and furnishes a further reason for our conclusion that § 5847 does not include under "incapacity," cases other than those of mental and physical incapacity.

If our conclusion as to the proper construction of "incapacity" in § 5825 is correct, it follows that this motion will not lie, since if the motion for the new trial will not lie in the case of the judge whose term has expired, it likewise will not lie in the case of the judge who has reached the constitutional age-limitation. Article XII of the Amendments to our Constitution, when it provides that no judge of the Supreme Court of Errors or of the Superior Court shall be capable of holding office after he shall arrive at the age of seventy years, does not refer to an existing mental or physical disability. A constitutional provision which made this assumption would be predicated upon untenable ground. The provision rests upon a public belief that there comes a time in the life of a man when it is better for the public interest that he be not charged with the responsibility of continuous and daily work of so complete absorption as the high judicial office calls for. "Capable," as used in this provision of the Constitution, means an incapacity to act, a disqualification by constitutional determination, not by natural disability. The "incapable " of making a finding, in § 5825, has a meaning quite different from the "capable " of holding office in the Constitution. The one refers to personal disability, the other to the legal capacity to act. The one refers to the personal condition, the other to the fixed condition of legal prohibition. Our decision, that the making of a finding was not a judicial but a ministerial act, by itself would

determine the question here; for *Judge Warner*, in making his finding, would not be acting as a judge. There is no difference, so far as the application of this principle is concerned, between the case of the judge who had ceased to hold office by expiration of term, by resignation, or ouster, and the judge who has ceased to hold office because of constitutional prohibition resulting from his reaching its age-limitation. Section 5847, by its explicit terms, authorized *Judge Warner* to settle and dispose of the finding of facts necessary for the purpose of appeal, since it authorized him to so act after ceasing to hold his office as such judge. He has ceased to hold his office as a judge, and we cannot, without denying to language its natural meaning, construe this statute so as to exclude from its operation the judge who has ceased to hold office because of the constitutional prohibition.

We have heretofore sustained the statute as a constitutional exercise of power, and we repeat, so far as the making of a finding is concerned, the exercise of this power under the statute cannot be held to be unconstitutional. Unless this statute is held to be unconstitutional, or inapplicable to this constitutional provision, its remedy must be accorded to this plaintiff. A construction such as the plaintiff advocates would deny to the defendants the rights which they acquired by a judgment obtained after a trial of long duration, and perhaps waste the time of the court in a retrial of this protracted litigation. The opinion in *Johnson* v. *Higgins*, 53 Conn. 236, 1 Atl. 616, diagnosed that case and this, when it said: "The requisite statement of facts proved and of rulings made upon the trial in the court below is merely clerical, is absolutely imposed by law as a duty upon the judge trying the case, is demanded by the rights of litigants, and is essential to the due administration of justice."

The court did not err in sustaining defendants' demurrer to plaintiff's motion for a new trial.

There is no error.

In this opinion the other judges concurred.