VITO A. ROSSI, COADMINISTRATOR (ESTATE OF GAETANO T. ROSSI) ET AL. *v.* WILLIAM H. STANBACK ET AL.
(11297)

LAVERY, LANDAU and SCHALLER, Js.

Argued February 17—decision released June 22, 1993

*Kenneth John Laska,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom were *Denise Rodosevich* and, on the brief, *Michael J. Walsh,* for the appellees (defendants).

LANDAU, J. The plaintiffs[1] appeal from a judgment rendered on a jury verdict in favor of the defendants in a cause of action based on negligence. On appeal, the plaintiffs claim that the trial court improperly (1) refused to submit separate plaintiffs' verdict forms for each count of the complaint, and (2) charged the jury regarding foreseeability, imputed negligence and duty of care. We agree with the plaintiffs' first claim and reverse the judgment of the trial court. Therefore, we do not address the plaintiffs' remaining claims.

The jury could reasonably have found the following facts. On July 20, 1987, the defendant William H. Stanback was employed as a truck driver for the defendant Savin Brothers, Inc., a construction firm under contract with the state of Connecticut to widen Interstate 91 in Hartford. The decedent was employed as an inspector by C. E. McGuire. As part of the construction process, Savin transported loads of fill to the construction site. Rossi's duties were to inspect the loads of fill dumped on the site and to calculate the cubic yardage of fill deposited. John Santos was employed by Savin as a "dump man." As a dump man, Santos directed the truck drivers on the jobsite, among them Stanback, as they were backing up to dump the loads of fill. The direction was necessary because the truck drivers could not see directly behind their trucks as they were backing up. After the drivers had backed into the position as directed by the dump man, they would raise the truck bodies, drop the fill, and pull forward with the truck bodies raised to allow all the fill to fall from the trucks. The truck drivers would then stop, lower the truck bodies, and latch the tailgates. These maneuvers were directed by hand signals from the dump man to the truck drivers. A blast of a truck horn was a dan-

---

[1] The plaintiffs are Vito A. Rossi and Carolyn A. Rossi, coadministrators of the estate of the decedent, Gaetano Rossi, also known as Thomas Rossi.

ger signal used by the drivers. Whenever a horn sounded, all truckers were to stop immediately.

On the day of the accident, Stanback drove onto the dumpsite, made a U-turn, stopped and waited for a signal from Santos. While Stanback got into position, Santos was directing another driver, Willie McDuffie, through his dumping routine. While Stanback was waiting and McDuffie was pulling forward to finish his dump, Rossi walked toward Santos. When Santos finished with McDuffie and turned toward Stanback, he saw that Stanback had begun to back up and was heading directly at Rossi. Santos immediately yelled to both Rossi and Stanback, but neither heard him because of the noise on the site. Santos then ran to McDuffie's truck and told him to sound his horn, which McDuffie did twice. Stanback did not heed the first warning. Rossi, however, heard the first blast and turned toward Stanback's truck. As he turned, Stanback's truck knocked him over and dragged him under the driver's side rear wheels. Stanback continued to back up. Stanback heard the second blast and stopped backing up. Santos ran to Stanback's truck and told him what had happened. Rossi, meanwhile, was caught between the first two sets of tires. Santos told Stanback to pull forward over Rossi so as to render medical attention. Stanback, however, backed up and over Rossi again. Shortly thereafter, Rossi died.

At trial, the plaintiffs, in arguments and a request to charge, requested the trial court to submit a plaintiffs' verdict form on each count of the complaint. The trial court refused and issued only one plaintiffs' verdict form for the entire complaint. The trial court submitted three defendants' verdict forms to the jury.

The plaintiffs' first claim is that the trial court improperly refused to issue separate plaintiffs' verdict forms for each count of the complaint. We agree.

When a complaint contains more than one cause of action, a party has a right to separate verdicts on each cause of action. *Booker* v. *Stern,* 19 Conn. App. 322, 328-29, 563 A.2d 305 (1989). "It is the practice, if the rights of the parties so demand, to direct the jury to find upon each separate issue, when separate and independent claims are to be determined by distinct issues; and when separate and distinct matters of substantially different character and nature are litigated and to be determined by separate issues, it is the right of the parties to have the verdict follow and answer the issues; especially so when other rights and obligations may depend upon the verdict." *Johnson* v. *Higgins,* 53 Conn. 236, 240, 1 A. 616 (1885). " 'When there are several counts for distinct and independent causes of action . . . it would doubtless be the duty of the [trial] court to comply with such a request.' " Id., 241.

In the case before us, the complaint was in two counts. The first count of the complaint sounded in negligence against the defendants Stanback and Savin Brothers. The second count also sounded in negligence against the defendant Savin Brothers. The defendants asserted more than one defense to both counts, including the denial of negligence and causation, and the special defense of contributory negligence. The court submitted three defendants' verdict forms to the jury: the first finding for the defendants on count one; the second finding for the defendant Savin Brothers on count two; and the third finding for the defendants on both counts.

The plaintiffs' verdict form submitted to the jury gave the jury the opportunity to find for the plaintiffs only against both defendants.[2] It did not provide the jury

---

[2] The several plaintiffs' verdict forms that were not allowed by the trial court divided the cause of action into the separate counts as stated in the complaint and the separate defendants named in the complaint.

with the opportunity to find against the defendant Savin Brothers. Although the court did not agree with the form of the verdict forms the plaintiffs sought to have submitted to the jury, the court was under a duty to submit forms, as the plaintiffs requested, that allowed the jury to determine each count of the complaint separately. The verdict in this case did not follow and answer the issues and individual counts of the complaint. "The rule above stated has always obtained in this state, and . . . it is more important . . . that this rule should be complied with in all cases where the rights of the parties demand it." Id. The rights of the plaintiffs demanded that separate plaintiffs' verdict forms as to each count of the complaint be submitted to the jury. Because the first claim is dispositive, we do not address the remaining claims.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.