## VITO A. ROSSI, ADMINISTRATOR (ESTATE OF GAETANO T. ROSSI), ET AL. *v.* WILLIAM H. STANBACK ET AL.
### (14827)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued March 30—decision released July 19, 1994

*Andrew J. O'Keefe,* with whom was *Denise Rodosevich,* for the appellants (defendants).

*John Rose, Jr.,* with whom, on the brief, was *David M. Sheridan,* for the appellees (plaintiffs).

BORDEN, J. The sole issue in this certified appeal is whether, in the circumstances of this case, the Appellate Court properly set aside the judgment of the trial court because of the trial court's failure to provide the jury with separate plaintiffs' verdict forms for each count of a two count complaint. The defendants, William H. Stanback and Savin Brothers, Inc. (individually, Stanback and Savin, and together, defendants), appeal from the judgment of the Appellate Court sustaining the appeal of the plaintiffs, Vito A. Rossi and Carolyn A. Rossi, coadministrators of the estate of Gaetano T. Rossi. The Appellate Court concluded that the failure of the trial court to provide the jury with separate plaintiffs' verdict forms for each count of a two count complaint required reversal of the trial court's judgment in favor of the defendants. We granted the defendants' petition for certification limited

to the certified issue.[1] We reverse the judgment of the Appellate Court.

The following facts are undisputed. Following the death of the plaintiffs' decedent, Gaetano T. Rossi, in a work-related incident, the plaintiffs brought an action for wrongful death against the defendants. The plaintiffs' action consisted of a two count complaint: the first count alleged negligence by Stanback when operating a truck, and responsibility for that negligence by his employer, Savin, pursuant to the doctrine of respondeat superior; and the second count alleged negligence on the part of Savin in connection with its maintenance of the work site and the training of its employees. The defendants pleaded a special defense, alleging contributory negligence by the decedent.

At the conclusion of the evidence, both the plaintiffs and the defendants submitted proposed verdict forms to the trial court. The plaintiffs requested that the jury be provided with separate plaintiffs' verdict forms for each count of the complaint. The trial court charged the jury and submitted four verdict forms to it. The first verdict form was for a defendants' verdict on both counts; the second was for a defendants' verdict on count one; the third was for a defendants' verdict on count two; and the fourth was for a plaintiffs' verdict. The trial court did not provide the jury with separate plaintiffs' verdict forms for each count of the complaint. The plaintiffs objected to this array of verdict forms.

In its charge to the jury, the trial court stated: "[I]f you find that the defendant was not negligent in one or more of the ways that the plaintiff[s] ha[ve] speci-

---

[1] Specifically, we certified the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the trial court committed reversible error by failing to provide the jury with separate plaintiffs' verdict forms for each count of the complaint?" *Rossi* v. *Stanback*, 227 Conn. 912, 632 A.2d 695 (1993).

fied, or that the defendant's negligence was not a proximate cause of the [decedent's] injuries and damages, then your deliberations should cease at this point and you would not consider the question of damages." The trial court further instructed the jury: "Of course, if you decide the defendant was not liable for the [decedent's] injuries or damages or that the [decedent] was more than fifty percent negligent, you would not use the plaintiffs' verdict form at all. You would use the defendants' verdict form and find for the defendant."[2] The jury returned a defendants' verdict, using the form that had been submitted to the jury for a defendants' verdict on both counts of the complaint. The verdict rendered stated: "In this case the Jury finds in favor of the Defendants, William H. Stanback and Savin Brothers, [Inc.,] as against the Plaintiffs on both counts." The jury was present in open court when the verdict was returned, and the verdict was in written form, duly signed by the foreman.

Following the rendering of judgment in accordance with the verdict, the plaintiffs appealed to the Appellate Court.[3] That court determined that "[t]he plaintiffs' verdict form submitted to the jury gave the jury the opportunity to find for the plaintiff[s] only against both defendants. It did not provide the jury with the opportunity to find against the defendant Savin . . . ." *Rossi* v. *Stanback,* 31 Conn. App. 703, 706–707, 626 A.2d 829 (1993). Accordingly, the Appel-

---

[2] Although the trial court referred to the defendants in the singular in its charge to the jury, the record does not reveal, and the plaintiffs do not claim, that this semantic usage confused the jury.

[3] On appeal to the Appellate Court, the plaintiffs claimed that the trial court had improperly: (1) refused to submit separate plaintiffs' verdict forms to the jury; and (2) charged the jury regarding foreseeability, imputed negligence and the duty of care. The Appellate Court considered only the first of these claims. *Rossi* v. *Stanback,* 31 Conn. App. 703, 704, 626 A.2d 829 (1993). On remand, the Appellate Court will be required to consider the remaining claim.

late Court reversed the judgment of the trial court, and remanded the case for a new trial. This appeal followed.

The defendants claim that the Appellate Court improperly determined that the failure of the trial court to provide the jury with separate plaintiffs' verdict forms for each count of the complaint required the judgment in their favor to be reversed. They argue that even if the trial court's failure to provide the jury with separate verdict forms was improper, any error was harmless. We agree.

Historically, it has been the practice of our trial courts to obtain separate verdicts from the jury on each count of a complaint in instances in which each count contains only one cause of action. *Johnson* v. *Higgins,* 53 Conn. 236, 240–41, 1 A. 616 (1885). "It is the practice, if the rights of the parties so demand, to direct the jury to find upon each separate issue, when separate and distinct claims are to be determined by distinct issues . . . ." Id., 240. This practice was developed in order to enable a defendant facing joint and several liability with other defendants in an action involving multiple claims to protect himself from a general verdict by requesting a verdict on each claim. See, e.g., *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 A. 872 (1920) ("the defendant may protect itself from any possible injustice, when the complaint contains two or more counts, by asking for a separate verdict upon each count, or when two or more issues are presented in one count, by asking the court to propound special interrogatories to the jury"); accord *Sellner* v. *Beechwood Construction Co.,* 176 Conn. 432, 439, 407 A.2d 1026 (1979); *Newell* v. *Roberts,* 13 Conn. 63, 73 (1839). "A party desiring to avoid the effects of the general verdict rule may . . . if the action is in separate counts . . . seek separate verdicts on each of the counts . . . ." (Internal quotation marks omitted.) *Curry* v.

*Burns,* 225 Conn. 782, 786, 626 A.2d 719 (1993); *Ziman* v. *Whitley,* 110 Conn. 108, 113–14, 147 A. 370 (1929).

We assume, pursuant to the question that we certified, that the trial court's failure to provide separate verdict forms was improper. It is axiomatic that not every error is harmful. In an analogous context regarding improper evidentiary rulings in civil cases, "[w]e have often stated that before a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful." *Swenson* v. *Sawoska,* 215 Conn. 148, 153, 575 A.2d 206 (1990); *Hensley* v. *Commissioner of Transportation,* 211 Conn. 173, 184, 558 A.2d 971 (1989); *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982). Similarly, when it is determined whether the failure of the trial court in a civil case to provide the jury with proper verdict forms was harmful, the standard is whether the error "would likely affect the result." *Manning* v. *Michael,* supra, 611; see *Swenson* v. *Sawoska,* supra, 153.

The trial court correctly instructed the jury that, were it to find either that the defendants were not negligent or that the decedent was more than 50 percent negligent, its "deliberations should cease at this point and [it] would not consider the question of damages." It also instructed the jury: "Of course, if you decide the defendant was not liable for the [decedent's] injury or damages or that the [decedent] was more than fifty percent negligent, you would not use the plaintiffs' verdict form at all. You would use the defendants' verdict form and find for the defendant." We ordinarily presume that the jury has followed the court's instructions. *State* v. *Richardson,* 214 Conn. 752, 757, 574 A.2d 182 (1990).

The jury found for both of the defendants. In the context of this case, the jury's verdict can only mean that it found either that neither defendant was negligent,

or that the decedent was more than 50 percent negligent. Therefore, the jury had no occasion to make use of the plaintiffs' verdict form provided to it. Because the jury did not consider the plaintiffs' verdict form, it could not have been confused by it. The fact that the trial court twice gave the jury the correct instruction on the procedure to employ when considering the defendants' liability further diminishes the likelihood that the jury was misled by its having been provided only one plaintiffs' verdict form. Consequently, the trial court's failure to provide the jury with separate plaintiffs' verdict forms was harmless.

The judgment of the Appellate Court is reversed, and the case is remanded to that court to consider the plaintiffs' remaining claim on appeal.

In this opinion PETERS, C. J., and CALLAHAN and KATZ, Js., concurred.

BERDON, J., dissenting. I would affirm the Appellate Court on the ground that the trial court failed to furnish a verdict form that would allow the jury to return a verdict in favor of the plaintiffs, Vito A. Rossi and Carolyn A. Rossi, coadministrators of the estate of Gaetano T. Rossi, against only the defendant Savin Brothers, Inc. (Savin), on the second count. The verdict forms furnished by the trial court only permitted the jury to find in favor of the plaintiffs against both Savin and the defendant William H. Stanback. The second count alleges Savin's individual negligence in connection with its maintenance of the work site and employee training. The majority opinion does not claim that the evidence was insufficient to support a verdict in favor of the plaintiffs against only Savin on the second count. Instead, it holds that the error in failing to provide separate verdict forms was harmless. I disagree.

The trial court instructed the jury as follows: "You will have these four verdict forms and when you determine a verdict, there is only one verdict that you can come out with and you will have to fill out one verdict form corresponding to that verdict." In essence, the trial court instructed the jury that it could select any one of the verdict combinations, but none of these consisted of a verdict in favor of the plaintiffs and against the defendant Savin on the second count. The jury could well have understood from the trial court's instructions and the available verdict forms that it did not have the option of finding for the plaintiffs against only Savin. *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Services, Co.,* 169 Conn. 407, 415–16, 363 A.2d 86 (1975) (finding error, without reference to harmful error analysis, based solely on fact that verdict form failed to reflect potential verdict in favor of plaintiff against only one of two defendants although there was a count addressed specifically to that defendant); *Hartford* v. *Anderson Fairoaks, Inc.,* 7 Conn. App. 591, 597–98, 510 A.2d 200 (1986) (reversing defendants' verdict because jury interrogatories could have had effect of misleading jury into ignoring two of the possible theories under which plaintiff could have prevailed). I do not believe that the instruction that the majority relies on in its finding of harmlessness, with its erroneous characterization of the two defendants as a unitary "defendant," diminished the likelihood that the jury was misled.

Accordingly, I agree with the result reached by the Appellate Court and would affirm its judgment.