[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SET ASIDE THE VERDICT,MOTION IN ARREST OF JUDGMENT, MOTION FOR JUDGMENT AND MOTION FORNEW TRIAL
In the instant action the plaintiff, Barbara Kunst alleged that she sustained damages by reason of the negligent conduct of the defendant, doctor of Podiatric medicine. The plaintiff, Albert Kunst, husband of Barbara Kunst asserted a claim for loss of consortium.
The plaintiff Barbara Kunst as is reflected in the fourth CT Page 225-A amended complaint came under the care of the defendant in connection with the surgical correction of certain problems involving her left foot namely a bunion deformity of the first toe and hammer toe deformities of the fourth and fifth toes. The complaint also alleges that the defendant stated the operation would straighten the first toe.
Paragraph 10 of the complaint alleged that the treatment afforded by the defendant was "negligent and a violation of the standard of care of podiatric surgeons in the community". The thrust of the criticism of the defendant's conduct was that he failed to inform the plaintiff of the reasonable risks and complications involved in the surgeries, in that he failed to install the proper size cortical screw and render proper post operative care and in that he performed a procedure to which the plaintiff had not agreed.
No motions were addressed to the complaint seeking to separate the various allegations contained in paragraph 10 or obtain a more definitive statement thereof.
The court construed said paragraph of the complaint as raising CT Page 225-B three theories of liability to wit: a claim of negligence in the treatment itself; a claim of lack of informed consent and a claim of negligence in performing an unauthorized procedure. See Cahillv. Board of Education, 198 Conn. 229, 236; Home Oil Co. v. Todd,195 Conn. 333, 340.
The case was tried on the basis of said issues and the Jury so instructed. There was no request for interrogatories or special verdict forms nor did defendant object to the forms of verdict submitted to the jury. See Rossi v. Stauback, 230 Conn. 175. The Jury returned simple plaintiff's verdict forms for each of the plaintiffs. With respect to the third theory of liability which was predicated upon the performance of an unconsented procedure, the court followed what it perceived the applicable rule of law to be as enunciated in Caron v. Adams, 33 Conn. App. 673, 688, 689. The appellate Court indicated that where a physician fails to obtain consent to perform a particular procedure or performed a procedure different from the one for which consent was given or where he realizes that the patient does not understand what the operation entails a basis for recovery in battery exists."Situations where battery may be proved may also be appropriate forCT Page 225-Callegations of negligence". (emphasis added) Caron v. Adams,
688; Logan v. Greenwich Hospital Assn. 191 Conn. 282, 289.
A significant distinction exists between the situation wherein the patient consents to a procedure but would not have done so had a sufficient disclosure been made and the situation in which there was no consent. Logan v. Greenwich Hospital Assn, 191 Conn. 282,289.
In the informed consent scenario expert testimony is required to establish the duty and breach of duty. Gemme v. Goldberg,31 Conn. App. 527, 536.
Where the plaintiff's claim sounds in general negligence expert testimony is not required (except with respect to causation); Caron v. Adams, Supra, 689 unlike the situation wherein it is alleged the health care provider was guilty of malpractice.
Although the evidence was in sharp conflict on the issue of whether the plaintiff consented to the procedure which the defendant performed clearly said procedure was different from the CT Page 225-D one which the plaintiff testified was described to her and to which she consented.
The procedure to which the plaintiff maintained she did not consent involved a through and through cut of the head of the first metatarsal thereby disconnecting it from the body and required insertion of a cortical screw for fixation purposes.
The plaintiff testified as to problems she experienced in the post operative era which are continuing in nature. Dr. Vitale testified that many of the problems such as formation of scar tissue and adhesions, pain, physical limitations and the like were part of the healing process involved in the procedure which he performed.
The Jury returned a verdict in favor of the plaintiff Barbara Kunst in the amount of $10,000.00 for economic damages and in the amount of $75,000.00 for non-economic damages.
The defendant argues that there is no evidential support for a verdict in the amount of $10,000.00 covering economic damages and CT Page 225-E the verdict for $75,000.00 for non-economic damages is excessive.
As concerns the economic damages evidence was offered in support of the following items:
 Milford Hospital bill $2,500.00; Physical Therapy Services of Hamden $640.00; and lost wages (3 to 4 weeks at $330.00 per week).
Although reference was made to other items relative to medical treatment no bills or other evidence of the reasonable value thereof was produced. Under the circumstances the court reduces the award of economic damages to $4,460.00 representing the above items of economic damages in support of which evidence was produced.
With respect to the award of $75,000.00 covering non-economic damages the court is of the opinion that while perhaps generous said verdict passes muster under the standards hereinafter noted. The trial court has the inherent power to set aside as excessive a verdict that, in the court's opinion, is not supported by the CT Page 225-F evidence adduced. That power, however, is limited by the litigants' right to have factual issues determined by the jury. The size of the verdict alone does not determine whether it is excessive. The only practical test to apply to a verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict.Bartholomew v. Schueizer, 217 Conn. 671, 687. The plaintiff, Barbara Kunst testified that following the surgery in question she was confined to bed at home, was required to use a walker and was unable to attend her employment as a receptionist in a law firm and that when she did return to work it was necessary to keep her foot elevated. She also testified her ability to work in her home as well as her ability to walk, the time she is able to stand on her feet, her ability to wear high heel shoes were compromised. The plaintiff also testified she still experiences pain and discomfort in her foot. CT Page 225-G
The long standing nature of the plaintiff's complaints would permit the jury to infer the same were permanent in nature even though there was no expert medical testimony to this effect.Dibble v. Ferguson, 15 Conn. App. 97, 99.
The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories or special verdict forms it will be presumed that the jury found every issue in favor of the prevailing party. The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes or theories of action. The application of the general verdict rule does not depend upon the niceties of pleading but on the distinctness and severability of the claims raised at trial. In the recent case of Curry v. Burns,225 Conn. 782, 801 the court indicated the application of the rule was limited "to the following scenarios: . . . (3) denial of separate legal theories of recovery . . . pleaded in one count" which is the case herein.
With respect to defense counsel's claim that the exclusion of CT Page 225-H Dr. Cella's report was erroneous the court would note that relevant evidence may be excluded in the discretion of the court particularly where the prejudicial effect out weighs its probative value which was the position of the court herein. Farrell v. St.Vincent's Hospital, 203 Conn. 554, 563.
The reference to Dr. Cella's involvement herein was referred to in other evidence (CF testimony, defendant's office records and Milford Hospital Chart) thus rendering exclusion of the report itself harmless:
 All motions are denied except as noted above the verdict in favor of the plaintiff Barbara Kunst for economic damages is reduced from $10,000.00 to $4,460.00.
THE COURT
John C. Flanagan, State Trial Referee CT Page 225-I