[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a motion for a new trial on the grounds that the court should have submitted his interrogatories to the jury.
The court transcripts reveal that the plaintiff was employed by the defendant, Aetna Insurance Company (Aetna). Further, after many years of employment with the defendant, the plaintiff was terminated. The plaintiff pursued claims for breach of implied contract and promissory estoppel which resulted in a trial before a jury.
The plaintiff submitted proposed interrogatories for the jury on June 10, 1998. The defendant submitted proposed interrogatories on June 11, 1998. On June 12, 1998, while the jury was deliberating, the plaintiff submitted a second set of proposed interrogatories for the jury.
The court transcripts indicate that both parties agreed that interrogatories relating solely to damages would be appropriate. CT Page 15478 (Transcript Excerpt: Exceptions to Charge, 6/11/98, pp. 1-5.) The transcripts further indicate that the plaintiff's second set of proposed interrogatories were not ready until after the jury had been charged and was deliberating, and did not pertain solely to the narrow damages issue. The plaintiff's proposed interrogatories were not submitted to the jury, and exception was taken on the record. The jury returned a verdict in favor of the defendant on June 12, 1998.
Ten days later, on June 22, 1998, the plaintiff filed a motion for a new trial on the grounds that the court should have submitted his interrogatories to the jury because the case involved "several counts and special defenses." (Motion for New Trial, 6/22/98.) The plaintiff argues that the instructions to the jury were improper and that the plaintiff's interrogatories should have been given to the jury because separate defenses were presented to the jury.
On July 27, 1998 the defendant filed a motion in opposition to the motion for a new trial and argues that the plaintiff's claims of breach of implied contract and promissory estoppel were not distinct, that the court therefore had discretion to decline to submit interrogatories to the jury, and that the plaintiff was not prejudiced. (Defendant's Memorandum of Law, p. 3.) The plaintiff filed a supplemental memorandum of law in support of his motion on August 17, 1998.
A. Practice Book Requirements
The Practice Book sets a time frame within which a motion for a new trial may be filed. Under Practice Book § 42-54 (formerly § 903), "[u]nless otherwise permitted by the judicial authority in the interests of justice, a motion for a new trial shall be made within five days after a verdict or finding of guilty or within any further time the judicial authority allows during the five-day period." In the present case the verdict was accepted and recorded on June 12, 1998. The motion for a new trial was filed ten days later, on June 22, 1998. Thus, the plaintiff did not comply with the time limitations contained in Practice Book § 42-54 (formerly § 903).
The Practice Book also sets guidelines for the use of interrogatories. Practice Book § 42-53(a) (formerly § 902) provides in pertinent part: "Upon motion of the defendant, CT Page 15479 the judicial authority may grant a new trial if it is required in the interests of justice." (Emphasis added.) In the present case, the plaintiff, not the defendant, seeks a new trial.
B. Interrogatories: General Rule
Practice Book § 16-18 (formerly § 312) provides in pertinent part: "[t]he judicial authority may submit to the jury written interrogatories for the purpose of explaining or limiting a general verdict, which shall be answered and delivered to the clerk as a part of the verdict." "The . . . general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action. . . . A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. . . . The general verdict rule does not require interrogatories whenever there are factually distinct issues that have been litigated, even though those issues stem solely from denials of different factual allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Pagano v. Ippoliti,245 Conn. 640, 653, ___ A.2d ___ (1998).
"It is the practice, if the rights of the parties so demand, to direct the jury to find upon each separate issue, when separate and distinct claims are to be determined by distinct issues. . . . This practice was developed in order to enable a defendant facing . . . liability . . . to protect himself from a general verdict by requesting verdicts on each claim." (Citations omitted; internal quotation marks omitted.) Rossi v. Stanback, 230 Conn. 175, 179, 644 A.2d 352, on remand, 36 Conn. App. 328, 650 A.2d 920 (1994). "Although ordinarily the submission of interrogatories rests within the court's discretion, where the complaint contains two or more counts . . . a party has the right to save himself from the implication of a general verdict by seeking from the jury answers to apt and proper interrogatories. . . ." (Citation omitted; internal quotation marks omitted.) Hammond v. Waterbury,219 Conn. 569, 580, 594 A.2d 939 (1991).
In the present case, the plaintiff filed a motion for a new trial on the grounds that "jury interrogatories were requested on CT Page 15480 a case involving several counts and special defenses, and said request was refused." (Motion for New Trial, 6/22/98). The plaintiff argues that this case involved two causes of action, implied contract and promissory estoppel, and he was therefore entitled to interrogatories for protection from the general verdict rule.
The defendant argues that the plaintiff's claims of breach of implied contract and promissory estoppel were not distinct, and that the court, therefore, had discretion to decline to submit interrogatories to the jury. (Defendant's Memorandum of Law, p. 3.) The defendant relies on Pavliscak v. Bridgeport Hospital,48 Conn. App. 580, ___ A.2d ___, cert. denied, 245 Conn. 911, ___ A.2d ___ (1998), wherein the court stated that promissory estoppel merely serves as a consideration substitute and is not an independent cause of action. Id., 592 n. 5.
"Promissory estoppel[1] provides an alternative that allows enforcement of a promise even without the usual indicia of conventional bargained for consideration. . . . The doctrine serves as a consideration substitute to allow enforcement of contracts whereby one party has detrimentally relied on an express or implied promise even though traditional bargained for legal detriment is not present. . . . Promissory estoppel, therefore, is not a separate cause of action available to plaintiffs, but rather serves to allow enforcement of an otherwise validly formed contractual commitment that lacks traditional consideration." Pavliscak v. Bridgeport Hospital, supra, 48 Conn. App. 592 n. 5.[2]
C. Error requires harm to the plaintiff
The plaintiff argues that failure to provide interrogatories to the jury is error warranting a new trial. The defendant counters by arguing that the plaintiff was not prejudiced by the failure to submit the interrogatories to the jury because the interrogatories pertained solely to damages, and the jury did not reach that issue because they found the defendant not liable. Thus, the defendant maintains that the failure to provide interrogatories had no effect.
The failure to submit interrogatories to the jury does not establish harm to the plaintiff, and therefore there is no error. Our Supreme Court has emphasized, "[i]t is axiomatic that not every error is harmful. [W]e have often stated that before a CT Page 15481 party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . Similarly, when it is determined whether the failure of the trial court . . . to provide the jury with proper verdict forms was harmful, the standard is whether the error would likely affect the result." (Citations omitted; internal quotation marks omitted.) Rossi v. Stanback, supra, 230 Conn. 180. The court inPedersen v. Vahidy, 209 Conn. 510, 552 A.2d 419 (1989) noted, "[t]he refusal to submit interrogatories alone might not have been of such significance as to warrant a new trial if there had been no error in the charge [to the jury]." Id., 517.
In the present case, the plaintiff argues that the refusal to provide interrogatories was error. The plaintiff, however, has not demonstrated any harm or prejudice. Therefore, the plaintiff is not entitled to a new trial solely on the alleged error.
D. The submission of interrogatories is discretionary
The submission of interrogatories is at the discretion of the court. "It is within the reasonable discretion of the trial court whether to submit pertinent interrogatories to the jury."Holbrook v. Casazza, 204 Conn. 336, 361 n. 3, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006, 108 S.Ct. 699, 98 L.Ed.2d 651
(1988). "The power of the trial court to submit proper interrogatories to the jury . . . does not depend upon the consent of the parties or the authority of statute law. In the absence of any mandatory enactment, it is within the reasonable discretion of the presiding judge to require or to refuse to require the jury to answer pertinent interrogatories. . . ." (Internal quotation marks omitted.) Gaulton v. Reno Paint Wallpaper Co., 177 Conn. 121, 125, 412 A.2d 311 (1979). Moreover, "[t]he general verdict rule does not require interrogatories whenever there are factually distinct issues that have been litigated, even though those issues stem solely from denials of different factual allegations of the complaint." (Internal quotation marks omitted.) Pagano v. Ippoliti, supra,245 Conn. 653.
In the present case, the submission of interrogatories was within the discretion of the court.
E. Interrogatories are used for protection from the general verdict rule
CT Page 15482
Interrogatories are submitted in order to protect a party from a general verdict. Rossi v. Stanback, supra, 230 Conn. 179;Hammond v. Waterbury, supra, 219 Conn. 580; Hartford v. AndersonFairoaks, Inc., 7 Conn. App. 591, 594, 510 A.2d 200 (1986), citing Sheeler v. Waterbury, 138 Conn. 111, 114-15, 82 A.2d 359
(1951). "[W]here the court has denied a proper request for interrogatories . . . the general verdict rule does not apply so as to preclude appellate review of error relating to any ground upon which the jury may have rested its verdict and to which an appropriate interrogatory has been directed. . . ." (Citation omitted.) O'Shea v. Mignone, 35 Conn. App. 828, 830, 647 A.2d 37, cert. denied, 231 Conn. 938, 651 A.2d 263 (1994); Pedersen v.Vahidy, 209 Conn. 510, 514, 552 A.2d 419 (1989).
In the present case, the plaintiff took exception to the lack of interrogatories and thus preserved the issue for appeal. The plaintiff therefore does not need protection from the general verdict rule.
For the aforementioned reasons, therefore, the plaintiff's motion for a new trial is denied.[3]
SANDRA VILARDI LEHENY, J.